IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA DIVISION

| | | |
|---|---|---|
| **LeChandre Wadley** | ) | |
| | ) | Civil Action |
| Plaintiff | ) | FILE NO.:_____ |
| | ) | |
| V. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Kool Smiles G.A.C., P.C.** | ) | |
| | ) | |
| Defendant | ) | |

# COMPLAINT

## JURISDICTION AND VENUE

**1.**

The jurisdiction of this court is invoked and Plaintiff's causes of action are brought under Title VII of the Civil Rights Act of 1964 and the Civil Rights of 1991, as amended, 42 U.S.C 2000e et. seq., and 28 U.S.C. 1331.

**2.**

The individual Plaintiff, LeChandre Wadley, is seeking declaratory relief, injunctive relief, and damages to redress the deprivation of her rights by Defendant because of its discriminatory treatment of her based upon her race (Black), her sex (female), and termination/retaliation.

**3.**

Declaratory relief is sought pursuant to 28 U.S.C. 2201.

**4.**

Injunctive relief is sought pursuant to Rule 65, Federal Rules of Civil Procedure.

**5.**

The unlawful employment practices alleged below were committed within the Middle District of the State of Georgia.

## PARTIES

**6.**

The Plaintiff, LeChandre Wadley, is a Black female citizen of the United States and a resident of the state of Georgia. She submits herself to the jurisdiction of this court.

**7.**

Defendant, Kool Smiles, is a Georgia corporation with an office and place of business in Columbus, Georgia where it is engaged in the providing of dental services. It is a covered employer under 42 U.S.C. 2000e et seq.

**8.**

Defendant has continuously and does now employ more than 50 persons and is engaged in an industry affecting commerce. Defendant may be served through its Registered Agent, C. T. Corporation System, 1201 Peachtree St. NE, Atlanta, GA 30361, for service of process in Muscogee County. Defendant is subject to the jurisdiction of this court.

## CLAIM FOR DECLARARTORY AND INJUNCTIVE RELIEF

**9.**

This is a proceeding for a declaratory judgment as to the Plaintiff's rights and for a permanent injunction enjoining the Defendant from maintaining a policy or practices of:

**A.**

Discriminating against Plaintiff or other persons because of race, sex, and termination/ retaliation with respect to compensation, terms, conditions, and privileges of employment;

**B.**

Limiting, segregating, and classifying Plaintiff or other persons in ways which deprive them of employment opportunities and otherwise adversely affect their status as an employee because race, sex and termination/retaliation.

## ADMINISTRATIVE PROCEDURE

**10.**

On or about August 24, 2006, the Plaintiff filed a timely Charge of Discrimination, alleging race discrimination and sex discrimination, with the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit A to this Complaint.

**11.**

On or about May 18, 2007, the Plaintiff filed a timely Charge of Discrimination, alleging termination/retaliation, with the Equal Employment Opportunity Commission.(Attached hereto as Exhibit B)

**13.**

On or about November 6, 2007, the U. S. Department of Justice, Civil Rights Division issued the Plaintiff a Notice of Right to Sue, which the Plaintiff received on or about November 12, 2007. This action has been brought within the time period allowed by law. (Attached hereto as Exhibit C)

## STATEMENT OF FACTS

**14.**

Plaintiff, LeChandre Wadley, became employed with Defendant on August 22, 2005. At the time of her hire, she was the only African American and only female dentist employed by Kool Smiles in its Columbus, Georgia office.

**15.**

On or about July 2006, Defendant hired a while male dentist and an Indian male dentist for the Columbus, Georgia office.

**16.**

On August 15, 2006, Defendant told Plaintiff she would be transferred to an affiliated clinic in Atlanta where she was to assume her duties on August 28, 2006, while the Columbus office was making plans to accommodate the Indian male dentist who was transferring from Texas.

**17.**

Defendant tried to discourage Plaintiff by telling her "She could not make it at the Columbus Clinic and that she would be more productive at one of the company's predominately African American clinics in Southwest Atlanta or College Park."

**18.**

Defendant harassed Plaintiff stating that her "quota was down" even though they had never previously informed Plaintiff that she had a quota or discussed performance expectations.

**19.**

Defendant required Plaintiff to sign a non-compete agreement which would restrict her ability to find a similar job in Columbus while other dentists were not required to sign the identical agreement.

**20.**

Plaintiff told Defendant that the patients were not being distributed evenly and nothing was done. When a white dentist complained, the Defendant implemented a numbering system which is not being used properly and is being manipulated to prevent Plaintiff from receiving as many patients as the white dentists.

**21.**

Plaintiff complained to Defendant that white assistants were not bringing patients back to her and Defendant failed to do anything about Plaintiff's complaint.

**22.**

Plaintiff has been subjected to a hostile work environment based on her race and sex and was written up for being late when a white male dentist leaves early, comes in late and he is not written up.

**23.**

Plaintiff was required to sign an agreement that she would follow procedure, not be late and produce $3,000 per day income when other male dentists were not required to sign a similar document.

**24.**

On or about May 10, 2007, after being wrongfully disciplined, written-up and given an impossible quota of a certain dollar amount to bring in every month, while white dentists was not held to this standard.

**25.**

On or about August 24, 2006 the Plaintiff filed a timely charge of Discrimination with the Equal Employment Opportunity Commission.

**26.**

On or about May 10, 2007, Plaintiff was wrongfully terminated in retaliation to Plaintiff having filed a complaint against Defendant in Federal Court.

**27.**

The effect of the policies and practices complained of herein has been to harm Plaintiff emotionally and to deprive her of equal employment opportunity and of income in the form of wages, bonuses, prospective retirement benefits, and other benefits of employment due her as an employee on the basis of her race, sex and termination/retaliation.

## COUNT I: RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e (TITLE VII)

**28.**

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

**29.**

The effect of Defendants' above-stated actions of discrimination against Plaintiff because of her race (black) and sex (female) has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, income in the form of wages, prospective retirement benefits, social security, and other benefits due them as workers solely because of race and/or because of opposition to unlawful discrimination. Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendants' policies and practices as set forth in this Complaint, including but not limited to lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damage to reputation, the deprivation of rights under state and federal law, and retaliation for exercising the right to access to the Courts.

**30.**

As a direct and proximate result of Defendants' actions, or inaction, as described herein, Plaintiff was subjected to discrimination and retaliation based on race and/or based on her good faith opposition to unlawful discrimination.

**31.**

In regard to Count One of this Complaint, Defendants have acted arbitrarily and capriciously, intentionally, maliciously, willfully and in bad faith.

**32.**

Plaintiff is entitled to equitable and monetary relief for Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT II: RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981 AND RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

**33.**

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

**34.**

The employment relationship between Plaintiff and Defendant is a contract within the meaning of 42 U.S.C. § 1981 which gives rise to a cause of action where racial discrimination is alleged to be the causative agent of adverse employment action.

**35.**

Defendants' unlawful and retaliatory employment practices and actions against the Plaintiff, as described herein, conducted under color of law, were discriminatory based on her race and therefore violates her rights under 42 U.S.C. § 1981, thus entitling her to all appropriate relief provided under the statute. Defendants have engaged in a continuing violation of 42 U.S.C. § 1981 during Plaintiff's employment. As the direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, of Plaintiff's protected constitutional rights provided by the Equal Protection Clause of the Fourteenth Amendment, which rights may be enforced pursuant to 42 U.S.C. § 1983, Plaintiff has suffered damages consisting of but not limited to economic loss, emotional distress, humiliation, and damage to reputation, and Plaintiff is requesting all damages allowable pursuant to the statute, including injunctive relief, compensatory damages, and punitive damages. In regard to Count Two of this Complaint, Defendants have acted intentionally, willfully, maliciously, arbitrarily and capriciously, and in bad faith.

## COUNT III: 42 U.S.C. §2000e et seq. - RETALIATION

The proceeding paragraphs are incorporated in hac verba. The Defendant has engaged or intentionally engaged in unlawful employment practices and polices in violation of 42 U.S.C. §2000e et seq.

**36.**

The effect of the polices and practices complained of herein has been to harm Plaintiff emotionally and to deprive her of equal employment opportunity and of income in the form of wages, bonuses, prospective retirement benefits, and other benefits of employment due her as an employee under 42 U.S.C. §2000e et. Seq.

## COUNT IV: NEGLIGENT RETENTION AND SUPERVISION

### 37.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 38.

Defendant breached its duty to Plaintiff to provide a work environment free from race discrimination and unlawful retaliation. In this regard, Defendant acted with gross negligence toward Plaintiff and with reckless disregard for her safety and wellbeing.

### 39.

Defendant had actual knowledge, or in the exercise of ordinary care should have known, of its supervisory employees' reputation and propensity for discrimination toward black employees and retaliation against said employees who oppose Defendant's unlawful practices.

### 40.

Based on Defendant's knowledge of its supervisory employees' reputation for improper discriminatory conduct, it was foreseeable that Defendant's supervisory employees would engage in future discrimination of and retaliation against Plaintiff.

### 41.

Notwithstanding Defendant's knowledge of its supervisory employees' unlawful conduct, Defendant took no action to effectively and adequately discipline and supervise its supervisory employees for such conduct. Such acts on behalf of Defendant constitute negligent retention and supervision of its supervisory employees. Defendant has ratified the conduct of its agents.

### 42.

As a result of Defendant's misconduct, Plaintiff has suffered fright, shame, humiliation, embarrassment, anger, and worry such that no reasonable person should be expected to endure.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### 43.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 44.

The foregoing malicious and willful acts of Defendants, jointly and severally, against Plaintiff was intended to and did inflict severe mental and emotional distress upon her, and was thus tortuous under the laws of the State of Georgia.

### 45.

Said malicious, willful, and outrageous tortuous acts of Defendants, jointly and severally,

embarrassed, humiliated, shocked, and tormented Plaintiff, and caused her to suffer grievous emotional, mental, and psychological harm.

### 46.

At all times relevant to this action, Defendants acted intentionally, maliciously, willfully, wantonly, and recklessly toward Plaintiff.

## COUNT VI: PUNITIVE DAMAGES

### 47.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 48.

All of the Defendants' actions described herein, jointly and severally, with regard to Plaintiff show a willful misconduct, malice, wantonness, oppression and an entire want of care, and said Defendants were consciously indifferent to the consequences of their actions and acted with total disregard and compassion for Plaintiff's peace, happiness and/or feelings, thereby causing Plaintiff to suffer severe emotional and mental trauma.

### 49.

All of the Defendants' actions described herein, jointly and severally, with regard to Plaintiff grant Plaintiff the right to recover punitive damages in an amount to be decided upon by the enlightened consciences of impartial jurors in an attempt to deter the wrongdoers from committing such actions in the future.

## COUNT VII: ATTORNEY'S FEES AND EXPENSES OF LITIGATION

### 50.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 51.

Plaintiff is entitled to his attorney's fees and expenses of litigation on each and every cause of action based upon state tort claims alleged herein, pursuant to O.C.G.A. § 13-6-11, because Defendants, jointly and severally, have acted intentionally and/or in bad faith and have caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectively prays for this Court to advance this case on the docket, to order a speedy hearing at the earliest practicable date, to cause this action to be in every way expedited, and upon such a hearing to:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violate Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.;

2. Permanently enjoin the Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with it from engaging in any employment policy or practice which discriminates against any employee or applicant for

employment on account of race and/or sex.

3. Retain jurisdiction over this action to ensure full compliance with the orders of this Court;

4. Grant Plaintiff judgment against the Defendant for back pay, other benefits and opportunities of employment of which he has been deprived;

5. Grant Plaintiff compensatory damages in an amount to be determined by a jury and commensurate with the pain and emotional distress imposed upon him by Defendants' discriminatory and tortuous acts, including but not limited to damages for medical care, treatment, and incidental expenses, damages for pain and suffering, for emotional distress, for lost wages and benefits, and for reduced earning capacity

5. Grant Plaintiff judgment against the Defendant for punitive damages in an amount which is reasonably designed to prevent future acts of discrimination;

6. Grant the Plaintiff attorney's fees, costs and disbursements;

7. Grant the Plaintiff a trial by a jury; and

8. Grant such additional and further relief as the Court deems just and proper.

Respectfully submitted this __17th__ day of December, 2007

                                                      /s/Alfonza Whitaker  
                                                      Alfonza Whitaker  
                                                      Georgia Bar No. 141906  
                                                      Justice No. 8236879  
                                                      Attorney for Plaintiff

644 Broadway  
P. O. Box 2748  
Columbus, GA 31902  
Phone (706) 507-3100  
Fax (706) 507-3117

**GEORGIA, MUSCOGEE COUNTY:**

Personally appeared before the undersigned officer duly authorized to administer oaths in and for said State and County, LeChandre Wadley, who having been first duly sworn deposes and says that the facts and allegations contained in the foregoing are true and correct.

This 10th day of December, 2007

/s/ LeChandre Wadley
LeChandre Wadley

Sworn to and subscribed before me
this 10th day of December, 2007.

/S/ Nadine S. Brown
Notary Public, Muscogee County, Georgia

/Seal/
My Commission Expires: 10/12/2010