```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

| | |
|---|---|
| LECHANDRE WADLEY,          * | |
| Plaintiff,          * | |
| vs.                        * | CASE NO. 4:07-CV-185 (CDL) |
| KOOL SMILES GAC, P.C.      * | |
| Defendant.          * | |

O R D E R

Presently pending before the Court is Defendant's Motion for Sanctions (Doc. 18) based upon Plaintiff's failure to provide full and complete responses to Defendant's discovery requests. Defendant previously filed a motion to compel these discovery responses, and Plaintiff's counsel responded by simply offering an "I'm too busy" excuse. (*See Pl.'s Resp. to Mot. to Compel*, Doc. 14.)  Therefore, finding that Plaintiff was not justified in failing to respond to the discovery requests, the Court granted Defendant's motion to compel and ordered Plaintiff to respond to Defendant's interrogatories and document requests. (Order, Aug. 1, 2008, Doc. 16.)  The Court warned Plaintiff of the consequences of failing to comply: "If Plaintiff does not comply with this Order, the Court will not hesitate to impose sanctions upon Plaintiff, including dismissal of Plaintiff's Complaint." (*Id.* at 1.)  The Court further notified Plaintiff and her attorney that the Court was inclined to award Defendant its reasonable expenses incurred in bringing motions to curb Plaintiff's

1

discovery abuses, so long as Defendant provided proper support for such a request.  (*Id.* at 1-2.)

Nonetheless, Plaintiff did not comply with the Court's Order. Defendant filed its Motion for Sanctions, seeking an order dismissing Plaintiff's Complaint and requiring Plaintiff to pay Defendant's reasonable expenses incurred in bringing the Motion for Sanctions. Plaintiff did not respond to Defendant's Motion for Sanctions.  The Court now grants Defendant's Motion for Sanctions.

Under Federal Rule of Civil Procedure 37(b)(2), if a party fails to obey an order to provide or permit discovery, the Court may sanction that party by dismissing the action and by requiring the party and/or her attorney to pay the reasonable expenses, including attorney's fees, caused by the failure to obey the order.  *See also* Fed. R. Civ. P. 37(d)(permitting the same sanctions for failure to respond to interrogatories requests for inspection).

The Court has "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  A district court may sanction the disobedient party by dismissing her complaint if there was "a willful or bad faith failure to obey a discovery order" and "less drastic sanctions would not ensure compliance with the court's orders."  *Id.*  Here, the Court finds that Plaintiff's failure to comply with her discovery obligations was willful: Plaintiff ignored Defendant's repeated efforts to obtain discovery, and Plaintiff

2

ignored the Court's Order compelling her responses to Defendant's discovery requests. The Court further finds that sanctions less drastic than dismissal would not ensure compliance with the Court's orders: Plaintiff has already ignored the Court's Order compelling her responses to Defendant's discovery requests, and Plaintiff ignored Defendant's Motion for Sanctions. Accordingly, the Court dismisses Plaintiff's Complaint with prejudice.

The Court further finds that Plaintiff's counsel should pay Defendant's reasonable expenses incurred in bringing the Motion for Sanctions. Plaintiff's counsel was largely responsible for Plaintiff's failure to respond. Plaintiff's counsel represented that Plaintiff did not respond to Defendant's discovery requests in part because Plaintiff's counsel was too busy, and Plaintiff's counsel—not Plaintiff—signed Plaintiff's inadequate interrogatory responses. Therefore, the Court orders Plaintiff's counsel to pay Defendant $2,586.00, which represents Defendant's expenses, including attorney's fees, incurred by Defendant in bringing its Motion for Sanctions. Payment shall be made within fourteen days of today's order.

IT IS SO ORDERED, this 25th day of September, 2008.

S/Clay D. Land
   CLAY D. LAND
UNITED STATES DISTRICT JUDGE
